**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pierre Chaliha, | No. CV-25-01438-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Power Connections LLC, et al., | |
| Defendants. | |

Plaintiff Pierre Chaliha filed this suit to recover unpaid wages. (Doc. 1.) Defendants were served but did not appear and their defaults were entered. (Docs. 6-9, 11-13, 15, 16.) Plaintiff now seeks default judgment. (Doc. 12.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

### 1. Possibility of Prejudice

The first factor regarding the possibility of prejudice to plaintiff supports entry of default judgment because if "default judgment is not granted, plaintiff[] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d

1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of plaintiff's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

Defendants Power Connections LLC and Power Connections Consulting LLC are limited liability companies in the solar power industry. Those companies are owned and operated by defendants Adam Allen, Jessica Allen, Morgan Allen, and John Doe Allen. (Doc. 1 at 4.) Plaintiff worked for defendants as an "appointment setter from approximately April 16, 2025, through approximately April 24, 2025." (Doc. 21-1 at 3.) Plaintiff's rate of pay was $100 per shift, plus $50 per appointment he set. (Doc. 21- at 3.) Over the course of working for defendants, plaintiff worked a total of six shifts and set 16 appointments. He estimates he worked a total of 40 hours. Based on his promised rate of pay, plaintiff should have been paid $600 for the six shifts plus $800 for the 16 appointments, for a total of $1,400. Because defendants did not pay him anything (Doc. 21-1 at 3), plaintiff alleges claims under federal and state law for unpaid wages.

The complaint contains sufficient factual allegations accepted as true to state claims under federal and state law. The second and third default judgment factors support entry of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

Plaintiff seeks to recover $4,200, representing "fully trebled, unpaid regular wage

damages." (Doc. 21-1 at 4.) That amount is calculated from the wages owed to plaintiff and the additions permitted by law. The amount therefore is proportional to the harm caused by defendants' conduct and this factor supports entry of default judgment

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Defendants' decision not to respond to the complaint means there are no such disputes. This factor supports entry of default judgment.

### 5. Excusable Neglect

Defendants were served but chose not to participate. There is no indication defendants' behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

### 7. Default Judgment is Merited

Viewed together, the seven factors establish default judgment is appropriate. The final issue is the appropriate amount of damages.

### 8. Damages

It is plaintiff's burden to prove the amount of his damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). For purposes of Arizona's minimum wage law, plaintiff is owed $588 ($14.70 multiplied by 40 hours).[1] Arizona law provides that plaintiff's $588 in unpaid minimum wages should be trebled to $1,764.

---

[1] The federal minimum wage is lower so it can be ignored.

A.R.S. § 23-364(G). Arizona law provides that plaintiff's unpaid wages of $1,400 should be trebled to $4,200. A.R.S. § 23-355(A).

The Arizona Wage Act ("AWA"), A.R.S. § 23-350(3), defines "employer" "much more narrowly" than the Arizona Minimum Wage Act ("AMWA"). *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). The AWA's narrower definition does not "authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Id.* This means plaintiff's damages under the AWA can be assessed only against the limited liability companies. By contrast, plaintiff's damages under the AMWA can be assessed against all defendants. The total damages are apportioned as follows:

- Power Connections LLC and Power Connections Consulting LLC are jointly and severally liable for $4,200; and

- Power Connections LLC, Power Connections Consulting LLC, Adam Allen, Jessica Allen, Morgan Allen, and John Doe Allen are jointly and severally liable for $1,764.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 21) is **GRANTED**. The Clerk of Court shall enter a judgment of $4,200 against defendants Power Connections LLC and Power Connections Consulting LLC. That judgment shall also reflect $1,764 of the $4,200 is entered against Power Connections LLC, Power Connections Consulting LLC, Adam Allen, Jessica Allen, Morgan Allen, and John Doe Allen jointly and severally. The Clerk of Court shall close this case.

Dated this 21st day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -